IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 1 - 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01838-OES

JEFFREY MIKENS,

    Plaintiff,

v.

JOE ORTIZ, Colo. Dept. of Corrections,
CHRISTINE MASHETTI, Time Computation CDOC,
WARDEN McKINNA, Buena Vista Correctional Facility,
DR. McCOLLEN,
DR. ROBERTS,
STATE OF COLORADO,
DENVER CITY AND COUNTY JAIL,
MAYOR HICKENLOOPER,
DR. CRUM,
NURSE ROSIE,
BETH LINDROSS, HSA,
DR. HIRSH,
COMPLETE MEDICAL STAFF 1 - 100, and
DENVER COUNTY AND CITY SHERIFF'S DEPT. OFFICERS & STAFF INVOLVED IN
    THIS ACTION NOT CURRENTLY KNOWN BY NAME BUT WILL FILL BE
    FURTHER DETAILED,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff is incarcerated at the Denver County Jail. Plaintiff has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act of 1973 alleging that his rights have been violated. The court must construe the complaint liberally because Plaintiff is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. **See**

*Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be ordered to file an amended complaint.

The court has reviewed the complaint filed in this action and finds that it is deficient because Plaintiff fails to allege facts that demonstrate how each Defendant personally participated in the asserted violations of his rights. Plaintiff asserts two claims complaining about the medical care he is receiving at the Denver County Jail and one claim that relates to his prior incarceration in a state prison. Although he mentions some of the Defendants in connection with these claims, he fails to allege specific facts to demonstrate how each named Defendant personally participated in the alleged violations of his constitutional rights.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Therefore, Plaintiff will be ordered to file an amended complaint to clarify how each Defendant personally participated in the alleged constitutional violations.

Plaintiff also must clarify in the amended complaint he will be ordered to file how he has exhausted administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." **Porter v. Nussle**, 534 U.S. 516, 532 (2002). Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." **Steele v. Fed. Bureau of Prisons**, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Plaintiff must "either attach copies of administrative proceedings or describe their disposition with specificity." **Id.** at 1211. Section 1997e(a) also imposes a total exhaustion requirement on prisoners. **See Ross v. County of Bernalillo**, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Plaintiff has not exhausted administrative remedies with respect to each claim he asserts, the entire complaint must be dismissed.

Plaintiff has not submitted copies of any administrative grievances and he fails to describe with specificity the steps he has taken to exhaust administrative remedies for each of the claims he raises. The action will be dismissed if he fails to do so in the amended complaint. Accordingly, it is

ORDERED that Plaintiff file **within thirty (30) days from the date of this order** an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Plaintiff, together with a copy of this order, two copies of the following forms: Prisoner Complaint. It is

FURTHER ORDERED that Plaintiff submit sufficient copies of the amended complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Plaintiff fails within the time allowed to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED at Denver, Colorado, this __1__ day of __November__, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 05-cv-01838-OES

Jeffery Mikens
Prisoner No. 1453323
Denver County Jail
PO Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on _11-1-05_

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk